BORIS FELDMAN, State Bar No. 128838
Email: boris.feldman@wsgr.com
IGNACIO E. SALCEDA, State Bar No. 164017
Email: isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendants Snap Inc., Evan Spiegel, and Andrew Vollero*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENGHSIN D. HSIEH and WEI C. HSIEH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAP INC., EVAN SPIEGEL, ANDREW VOLLERO, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, and ALLEN & COMPANY LLC,<br><br>Defendants. | Case No. 2:17-CV-5569<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. §§ 77p(c) and 77v(a), defendants Snap Inc. ("Snap" or the "Company"), Evan Spiegel, and Andrew Vollero (collectively, the "Snap Defendants") hereby remove to this Court the state court action described below:

**BACKGROUND**

1. On July 25, 2017, Plaintiffs Chenghsin D. Hsieh and Wei C. Hsieh filed this civil action in the Superior Court of California, County of Los Angeles ("Superior Court"), captioned *Hsieh v. Snap Inc., et al*., Case No. BC 669394. On the same date, the Snap Defendants, by and through their counsel, became aware of and obtained a copy of the Complaint. A copy of the Complaint and the related Civil Case Cover Sheet is attached as Exhibit A.

2. The Snap Defendants have not pleaded, answered, or otherwise appeared in the case.

**PROCEDURAL REQUIREMENTS**

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed less than thirty days after the Snap Defendants received a copy of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), the Snap Defendants will promptly serve a copy of this Notice on counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court.

**GROUNDS FOR REMOVAL**

5. Removal of this action is proper on two independent grounds: 28 U.S.C. §1441(a) and 15 U.S.C. § 77p(c).

**A. First Ground for Removal: 28 U.S.C. § 1441(a)**

6. This action is removable under 28 U.S.C. § 1441(a) because the Complaint alleges solely federal claims. Complaint ("Compl.") ¶¶ 11, 59, 71, 78 (alleging claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o).

7. Section 1441(a) of the Judicial Code provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court has original jurisdiction over this civil action because the federal claims alleged "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Venue is proper because this Court is the "district court of . . . the district . . . embracing the place where such action is pending." *Id.* § 1441(a).

**B. Second Ground for Removal: 15 U.S.C. § 77p(c)**

10. Section 16(c) of the Securities Act, 15 U.S.C. § 77p(c), provides an independent ground for removal. Section 16(c) provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). Under subsection (b), a "covered class action brought in any State court involving a covered security" is a suit that, *inter alia*, alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security." *Id.*; 15 U.S.C. § 77p(b)(1).

11. This case is a "covered class action" under Section 77p. The statute

defines a covered class action in relevant part as one in which "damages are sought on behalf of more than 50 persons or prospective class members" and common questions predominate. 15 U.S.C. § 77p(f)(2)(A)(i)(I). The Complaint's well-pleaded allegations unmistakably satisfy those criteria. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002) (well-pleaded-complaint rule governs whether a case is removable under 28 U.S.C. § 1441(a)), *abrogated by statute on other grounds*, *Peaches & Cream LLC v. Robert W. Baird & Co.*, 2015 U.S. Dist. LEXIS 42575 (E.D.N.Y. Mar. 31, 2015). Plaintiffs bring this action for damages on behalf of "a class" consisting of "[a]ll persons or entities who acquired the common stock of Snap . . . in connection with Snap's March 2, 2017 IPO[.]" Compl. ¶ 52. Plaintiffs "believe that there are hundreds of members in the proposed Class." *Id.* ¶ 53. And Plaintiffs assert that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class." *Id.* ¶ 56.

12. The Snap securities at issue are "covered securities" because they are traded on the New York Stock Exchange, a national securities exchange. 15 U.S.C. §§ 77p(f)(3), 77r(b)(1); Compl. ¶ 3.

13. The Complaint alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security[.]" 15 U.S.C. § 77p(b)(1); Compl. ¶ 60 (alleging that Registration Statement for Snap's initial public offering contained "untrue statements of material facts" and "omitted to state material facts"); *id.* ¶ 67 (alleging that Plaintiffs purchased Snap securities pursuant or traceable to Registration Statement).

14. In sum, this case is a covered class action involving covered securities under 15 U.S.C. § 77p(b). It is therefore removable to this Court, which is "the Federal district court for the district in which the action is pending[.]" *Id.* § 77p(c).

15. This reading of Section 77p(c) – allowing removal of covered class actions alleging only Securities Act claims, as in this case – has divided the judges

of this Court.[1] The dispute centers on whether the words "as set forth in subsection (b)" refer to the *state law* claims referenced in the introductory language of subsection (b),[2] or, as the Snap Defendants maintain, to "federal claims of the type described in subsections (b)(1) and (b)(2)."[3] Underscoring the split, one judge of this Court upheld removal in 2005, and issued a contrary holding three years later. *Layne v. Countrywide Financial Corp.*, 2008 WL 9476380, at *1 & n.1 (C.D. Cal. July 8, 2008) (rejecting *Purowitz*). Other District Courts are similarly divided. *Compare, e.g.*, *Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1286-87 (W.D. Okla. 2011) (Section 77p(c) allows removal of Securities Act covered class actions, citing cases), *with*, *e.g.*, *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, 2015 WL 65110, at *2-3 (N.D. Cal. Jan. 5, 2015) (Section 77p(c) allows removal only of state law actions, citing cases).

16. The Solicitor General of the United States, however, has recently taken sides in this debate – in favor of removal as argued by the Snap Defendants.

---

[1] *Compare Purowitz v. DreamWorks Animation SKG, Inc.* ("*Purowitz*"), 2005 WL 6794770, at *2-3 (C.D. Cal. Nov. 15, 2005) (holding that Section 77p(c) allows removal of Securities Act covered class actions), and *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (same), *with W. Va. Laborers Trust Fund v. STEC, Inc.*("*STEC*"), 2011 WL 6156945, at *3-5 (C.D. Cal. Oct. 7, 2011) (holding that Section 77p(c) allows removal only for *state* law actions, yet "acknowledg[ing] that [this] interpretation may produce strange results whereby class actions based on state law are removable, while class actions based on the Securities Act are not removable."), and *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.* ("*Pipefitters*"), 2005 WL 6963459, at *2-3 (C.D. Cal. June 28, 2005).

[2] *See* 15 U.S.C. § 77p(b) ("No covered class action *based upon the statutory or common law of any State* . . . may be maintained in any State or Federal court by any private party alleging — (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security . . . ." (emphasis added)); *STEC*, 2011 WL 6156945, at *3-5; *Pipefitters*, 2005 WL 6963459, at *2-3.

[3] *Purowitz*, 2005 WL 6794770, at *2 (rejecting contrary reading as "anomalous" and holding that "the words 'as set forth in subsection (b)' appear to be shorthand not for the concept that such claims must be based on state law, but rather for the lengthier contents of subsections (b)(1) and (b)(2),which set forth the types of claims that are permissible as federal but not as state law claims.") (citation omitted).

The conclusion that covered class actions alleging only Securities Act claims are removable under 15 U.S.C. § 77p(c) is supported by the Solicitor General's recent brief urging the U.S. Supreme Court ("Supreme Court") to grant certiorari in *Cyan, Inc., et al. v. Beaver County Employees Retirement Fund, et al.* ("*Cyan*"), Supreme Court No. 15-1439. *See* Brief for the United States as *Amicus Curiae* ("SG Br.") at 1. A copy of the Solicitor General's brief is attached as Exhibit B.

17. The Solicitor General argued that 15 U.S.C. § 77p(c) – the removal provision discussed above – "is properly construed to allow removal of state-court suits" alleging claims like those alleged in this case. SG Br. at 13. Specifically, the Solicitor General argued that 15 U.S.C. § 77p(c) "authorizes removal to federal court of covered class actions that are brought under the [Securities] Act and allege the types of misconduct that are described in Section 77p(b)." SG Br. at 13 (capitalization removed).

18. This case meets that description. It is a covered class action involving a covered security. *Supra* ¶¶ 11-12. It is brought under the Securities Act. Compl. ¶¶ 11, 59, 71, 78. And it alleges "the types of misconduct that are described in Section 77p(b)" – namely, untrue statements or omissions of material fact in connection with the purchase or sale of a covered security. *Supra* ¶ 13. Accordingly, it is removable under Section 77p(c).

**C. The Securities Act's Anti-Removal Provision Does Not Bar Removal Under Either 28 U.S.C. § 1441(a) or 15 U.S.C. § 77p(c)**

19. The Securities Act elsewhere contains an anti-removal provision, which provides: "Except as provided in Section 77p(c) of this title, no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). But that provision does not bar removal here, for two independent reasons.

20. First, the anti-removal provision has an explicit carve-out for removal "as provided in Section 77p(c)." *Id.* Section 77p(c) is the very section that

authorizes removal in this case. *See supra* ¶¶ 10-18. This case therefore is within the carve-out from the anti-removal provision.

21. Second, although the Court need not even reach the issue, the state court lacks jurisdiction over this class action, as discussed *infra* at ¶¶ 22-34. Therefore, it is not a court of "competent jurisdiction" for purposes of the anti-removal provision, *infra* ¶¶ 28, 34, and the anti-removal provision does not apply.

i. SLUSA Divested State Courts of Jurisdiction

22. In 1998, Congress amended the Securities Act. That revision, the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227, is commonly known as SLUSA. Among other things, SLUSA added to the Securities Act the removal provision codified at 15 U.S.C. § 77p(c) and discussed above.

23. SLUSA also amended Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), which contains the jurisdictional provision for claims brought under the Act. It provides as follows, with the SLUSA-added language in italics:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act] and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act].

*Id.*

24. Thus, after SLUSA, state courts have concurrent jurisdiction over claims arising under the Securities Act *except* as to "covered class actions" as defined in Section 77p. This case is a covered class action under Section 77p. *Supra* ¶ 11. The Superior Court accordingly lacks jurisdiction.

25. The issue whether SLUSA divested state courts of jurisdiction over covered class actions asserting only Securities Act claims is the subject of the *Cyan*

cert petition, *see supra* ¶ 16; 2016 WL 3040512, which the Supreme Court granted on June 27, 2017. 2017 WL 2742854.

26. As the *Cyan* petitioners note, a number of District Courts have adopted the Snap Defendants' reading of 15 U.S.C. § 77v(a) and held that SLUSA divested state courts of jurisdiction. *E.g.*, *Gaynor v. Miller*, 205 F. Supp. 3d 935 (E.D. Tenn. 2016); *Iron Workers Dist. Council of New Eng. Pension Fund v. MoneyGram Int'l, Inc.* ("*Iron Workers*"), 204 F. Supp. 3d 784 (D. Del. 2016); *Hung v. iDreamSky Tech. Ltd.*, 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016); *Wunsch v. Am. Realty Capital Props.*, 2015 U.S. Dist. LEXIS 48759 (D. Md. Apr. 14, 2015); *Lapin v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 119924 (N.D. Cal. Aug. 23, 2012); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009).

27. As the *Cyan* petitioners further note, a number of District Courts have also held to the contrary. *E.g.*, *Westmoreland Cty. Emp. Ret. Fund v. Inventure Foods Inc.*, 2016 U.S. Dist. LEXIS 184075 (D. Ariz. Aug. 10, 2016); *Rivera v. Fitbit, Inc.*, 2016 U.S. Dist. LEXIS 98202 (N.D. Cal. July 27, 2016); *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, 2015 U.S. Dist. LEXIS 75355 (C.D. Cal. June 10, 2015). In addition, the Solicitor General argues that SLUSA did not divest state courts of jurisdiction. SG Br. at 6-12.

28. In the Snap Defendants' view, the courts holding that SLUSA divested state courts of jurisdiction in these cases have the better argument. As one such court has explained:

> "By 1998, Congress concluded that plaintiffs were circumventing the requirements of the PSLRA [Private Securities Litigation Reform Act of 1995] by filing private securities class actions in state rather than federal court. SLUSA was designed to close this perceived loophole by authorizing the removal and federal preemption of certain state court securities class actions."
>
> * * *

> "[B]ecause the PSLRA failed to achieve Congress's goal in curtailing meritless class actions alleging fraud, Congress enacted the SLUSA to 'make Federal court the exclusive venue for securities class actions.'"
>
> * * *
>
> "[C]overed class actions" arising under the Securities Act are properly removed to federal court. SLUSA divested state courts of jurisdiction over "covered class actions" under the Securities Act, thereby giving federal courts exclusive jurisdiction over such suits. Therefore, state courts are divested of jurisdiction over "covered class actions" under the Securities Act and, hence, are not "courts of competent jurisdiction" for these actions.

*Iron Workers*, 204 F. Supp. 3d at 790-91, 793 (citations omitted). That conclusion is exactly right. The Superior Court never had jurisdiction over this case. It therefore is not a "court of competent jurisdiction." 15 U.S.C. § 77v(a). That is another reason why the anti-removal provision is inapplicable here.[4]

ii. <u>Snap Has Adopted An Exclusive Federal Forum Provision</u>

29. The Superior Court also lacks jurisdiction for a second reason: The Company's organizing documents provide that federal courts are the exclusive forum for the causes of action here asserted.

30. The Company's Certificate of Incorporation provides: "Unless the Company consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities

---

[4] If this Court even reaches the issue of the state court's jurisdiction, the Court may, if it wishes, stay its hand until the Supreme Court decides the merits of *Cyan*, now that certiorari in *Cyan* has been granted. *See supra* ¶ 25. *See Beaver County Employees Retirement Fund, et al. v. Cyan, Inc., et al.*, Superior Court of California, County of San Francisco, No. CGC-14-538355, Order Entering General Stay, filed July 11, 2017, attached as Exhibit C.

Act of 1933. Any person or entity purchasing or otherwise acquiring any interest in any security of the Corporation shall be deemed to have notice of and consented to the provisions of this Amended and Restated Certificate of Incorporation." Amended and Restated Certificate of Incorporation of Snap Inc., art. VII (January 26, 2017) ("Article VII").

31. The Complaint "assert[s] a cause of action arising under the Securities Act of 1933." Article VII; *see* Compl. ¶¶ 11, 59, 71, 78. The Company has not consented to an alternative forum. Article VII. Therefore, "the federal district courts" are the "exclusive forum for the resolution of [this] complaint[.]" *Id.*

32. Because Snap is a Delaware corporation, Compl. ¶ 15, Delaware law governs the Company's internal affairs, including the interpretation and enforcement of its Certificate of Incorporation. *See CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89 (1987); *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982). And under Delaware law, Article VII is enforceable as a contract between the Company and its stockholders. As the Delaware Chancery Court put it: "[B]ylaws, together with the *certificate of incorporation* and the broader [Delaware General Corporation Law], form part of a flexible *contract between corporations and stockholders*," and stockholders "assent to be bound" when they purchase the corporation's stock. *Boilermakers Local 154 Retirement Fund v. Chevron Corp.*, 73 A.3d 934, 940 (Del. Ch. 2013) (emphasis added); *see also STAAR Surgical Co. v. Waggoner*, 588 A.2d 1130, 1136 (Del. 1991) ("[A] corporate charter is both a contract between the State and the corporation, and the corporation and its shareholders."), *abrogated by statute on other grounds*, *Nguyen v. View, Inc.*, 2017 Del. Ch. LEXIS 97, at *27 (Del. Ch. June 6, 2017); *In re CytRx Corp. Stockholder Derivative Litig.*, 2015 U.S. Dist. LEXIS 176966, at *13 (C.D. Cal. Oct. 30, 2015) ("[T]he CytRx shareholders manifested their consent to the Delaware corporate framework by buying shares and agreeing to the certificate of incorporation . . . .

[C]ontrary to what Plaintiffs would have us believe, mutual consent and notice exist here.”).

33. Where, as here, an action is filed in a forum barred by a forum selection clause, dismissal for lack of subject matter jurisdiction is appropriate. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (“We have affirmed judgments that enforced forum selection clauses by dismissing cases for lack of subject matter jurisdiction under Rule 12(b)(1) . . . .”).

34. The Superior Court accordingly lacks jurisdiction over this action. Because the Superior Court is therefore not a “court of competent jurisdiction,” 15 U.S.C. § 77v(a), the anti-removal provision is inapplicable.

Dated: July 27, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Boris Feldman
Boris Feldman

*Attorneys for Defendants Snap Inc., Evan Spiegel, and Andrew Vollero*